*125
 
 RuffiN, C. J.
 

 The act of 1836, Rev. Stat. c. 32, s. 18, sustains the opinion given by the Court on the first point, though it were true that the defendant’s possession was adverse. From the nature of a judicial sale, it would seem to form an exception to the rule, which forbids persons, out of possession and not acting under the mandate of the law, from selling merely the right. But this act in terms provides, that the deed of the clerk and master “shall be sufficient to convey such title, interest and estate as the party of record, owning the same, bad in the land.” Whatever interest, therefore, any of the parties to the suit had in the land, whether in possession or in right, passed by the sale and conveyance.
 

 In relation to the second point, it is to be observed, in the first place, that it does not appear directly against whom the defendant brought her petition for dower. We cannot assume, however, that the mortgagees were parties; because, if it had been so, the defendant ought to have stated the fact explicitly in her exception, and doubtless would have done it and relied on her recovery as an estoppel on the lessor of the plaintiff, and not merely as color of title. We therefore take the recovery to be against the husband’s heirs alone. If so, we need not enquire, whether the defendant, supposing her to have become the owner of the premises by the statute of limitations, lost the benefit thereof and concluded herself, by taking the lease, as stated, from the lessor of the plainiiffin 1842. For she was bound bythe priorestoppel of her husband’s deed, andof the possession of her husband and herself under the mortgagees. The mortgagor was concluded by his deed ; and, after its execution, his possession is by consent of the mortgagees and is in law their possession. If it be continued so long, without payment of the interest or other recognition of the mortgage, as to raise a presumption of satifaction and a release, then indeed it may be insisted on as a title ; for that is consistent with the title of the mortgagees and supposes their title to be actually re-vested in the mortgagor. But, short of that, the possession of the mortgagor is that of the mortgagee; and the former is clearly estopped
 
 *126
 
 from acquiring a title from another person or by other means,' and setting; it up to defeat his own conveyance. There is ..... ... . . nothing m this case on which to found a presumption of sat-jsfacti0n or abandonment; for the parties were in some form constantly acting on the mortgage, and the fact, that it was not satisfied, was judicially found in a proper proceeding. The question then is, whether the possession of the widow of the mortgagor is held under the mortgagee or adversely to him. Clearly, we think, it is the former, whether she merely continues in possession after the death of the mortgagor as his widow, or holds a part of the premises as dower assigned to her. Both the heir and the widow are bound by the estoppel on the mortgagor ; the former as privy in blood, the latter as privy in estate. Tenant in curtesy and tenant in dower shall be bound by, and s.hall take advantage of, estoppels, as Lord Coke informs us. Co. Litt. 352. b. The widow but continues the estate and possession of the husband, which he held under the mortgagee, and cannot, therefore, set up an estate in any other person.
 
 Bufferlow
 
 v
 
 Newsom,
 
 1 Dev. 208. Neither can she set up title in herself by virtue of her possession as tenant in dower ; for in its very nature it is but a continuation of the husband’s estate, and is therefore affected by the estoppels, which attached to it in the hands of the husband. From those es-toppels
 
 no
 
 contrivances between the heir and the widow can set either of those parlies free. This case arose before the act of 1828, c. 14, Rev. Stat. c. 121, s. 6, allowing dower in an equity of redemption. Nevertheless, it might be quite proper, as between the heir and widow, that the latter should have her dower, in case the mortgagee did not choose to enforce his mortgage by taking possession. But the assignment could not release either the heir or the widow from those obligations of good faith, which constitute the foundation of the estoppel on the
 
 mortgagor,
 
 and arose out of the possession derived by him from the mortgagee, and through him derived also by the heir and widowfrom the mortgagee. The Court is therefore of opinion, that the defendant did not acquire any title, as against the lessor-of the ..plaintiff, by
 
 *127
 
 her possession ; and consequently that the plaintiff was titled to recover.
 

 The point upon notice was, we think, decided right. A mortgagor or one claiming under him is not entitled to notice to quit.
 
 Fuller
 
 v
 
 Wadsworth,
 
 2 Ired, 263.
 
 Keach
 
 v
 
 Hall,
 
 Doug. 21.
 
 Weaver
 
 v
 
 Belcher,
 
 3 East, 449. But if this had been a tenancy from year to year up to 1842, the ex press lease in April for the residue of that year, and the agreement for the delivery of the possession at the end of it, fixed a definite term, which dispensed with further notice.
 
 Messenger
 
 v
 
 Armstrong,
 
 1 T. Rep. 54.
 
 Coll
 
 v
 
 Stokes,
 
 8 East, 358.
 

 The parol evidence was not inconsistent with the bond, which did not profess to set out the particulars of the lease, nor the duration of the term.
 

 Per Curiam, Judgment affirmed.